IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-524-WJM-MEH

DIOGENES ALDAMA, individually and on behalf of all similarly situated individuals,

    Plaintiff,

v.

FAT ALLEY, INC., and
ROBERT E. O'DELL,

    Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR
CONDITIONAL COLLECTIVE ACTION CERTIFICATION**

---

Plaintiff Diogenes Aldama brings this action against Fat Alley, Inc. (also known as "Oak" or "the New Fat Alley," and referred to below as "Oak/New Fat Alley") and Robert E. O'Dell (together, Defendants") for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and similar Colorado state laws. (ECF No. 1 ¶¶ 3–5, 13.)  Aldama alleges that he was employed as a restaurant worker at Oak/New Fat Alley, and Defendants failed to pay him overtime wages as required by the FLSA and Colorado state law.

Currently before the Court is Plaintiff's Motion for Conditional Collective Action Certification (the "Motion").  (ECF No. 3.)  In their Response to the Motion, Defendants stipulated that collective action certification is appropriate under the FLSA, but raised objections to the collective action definition, the form of notice, and the method of notice.  (ECF No. 34.)  In his Reply, Plaintiff agreed to revise the proposed notice, but

objected to Defendant's revised collective action definition and proposed limitations on the notice procedures. (ECF No. 35.) For the reasons explained below, the Court certifies the collective action and approves the notice form and procedure, as modified by the Court.

## I. BACKGROUND

The following facts are drawn from Plaintiff's Complaint. (ECF Nos. 1 & 3.)

Plaintiff alleges that he and his fellow restaurant workers at Oak/New Fat Alley regularly worked more than 40 hours each workweek and, during "festival season" in Telluride, worked more than twelve hours per day. (ECF No. 1 ¶ 14.) He claims that he normally worked 60 hours per week (twelve hours per day, five days a week) and that Defendants hid his overtime hours by issuing two-week paychecks showing 80 hours of work and paying him cash at his regular rate for overtime. (*Id.* ¶ 15.) Plaintiff also claims that during festival season, he worked approximately 75 hours per week (fifteen hours per day, five days per week) and was paid for his overtime hours off the books at his regular rate. (*Id.* ¶ 16.) According to the Complaint, Defendants refused to pay any of their hourly employees overtime wages for overtime hours worked, and instead paid them in the same way they paid Plaintiff. (*Id.* ¶ 14.) Plaintiff spoke to several other hourly employees, who confirmed that they were paid in a manner similar to Plaintiff. (*Id.* ¶ 20.) Plaintiff filed this lawsuit on February 22, 2019.

## II. LEGAL STANDARD

The FLSA permits collective actions where the allegedly aggrieved employees are "similarly situated." 29 U.S.C. § 216(b). Whether employees are similarly situated

2

is judged in two stages: a preliminary or "notice stage" (at issue here) and then a more searching, substantive stage, usually after the close of discovery. *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102–03, 1105 (10th Cir. 2001). At the notice stage, a plaintiff requires "nothing more than substantial allegations that the putative [collective action] members were together the victims of a single decision, policy, or plan." *Id.* at 1102 (internal quotation marks omitted); *see also Boldozier v. Am. Family Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005) (applying *Thiessen* in the FLSA context). The standard for certification at this stage is a lenient one. *See Thiessen*, 267 F.3d at 1103; *Williams v. Sprint/United Management Co.*, 222 F.R.D. 483, 485 (D. Kan. 2004).

If a plaintiff meets this standard, the Court may order the defendant to provide contact information for employees that may be eligible to participate in the collective action, and may approve a form of notice to be sent to all of those individuals. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169–74 (1989). Such notice is usually required because, unlike class actions under Federal Rule of Civil Procedure 23, collective actions under the FLSA require a party to opt in rather than opt out. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any [collective] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Obviously, current or former employees cannot opt in if they do not know about the pending action.

# III. ANALYSIS

## A. Collective Action Certification

Defendants do not contest that conditional collective action certification under the FLSA is appropriate. (ECF No. 34 at 3.) Plaintiff alleges that he personally was not paid overtime, and that Defendants failed to properly pay other hourly employees for overtime hours worked. These allegations are sufficient to establish that the potential collective action members were subject to "a single decision, policy, or plan" giving rise to their claims. *See Thiessen*, 267 F.3d at 1103.

Given Defendant's non-opposition to conditional collective action certification, and upon independent review, the Court finds that Plaintiff has made allegations sufficient to meet the lenient standard for FLSA collective action certification. *See Thiessen*, 267 F.3d at 1103.

Plaintiff asks the Court to define the collective class as "All hourly employees who worked on or after February 22, 2016." (ECF No. 3 at 2.) Defendants argue that the definition is overbroad because Oak/New Fat Alley "changed its pay policy on February 1, 2019, and now pays all hourly employees the applicable overtime rate for overtime hours via the employees' paycheck." (ECF No. 34 at 3.) Thus, Defendants argue, those who began working at Oak/New Fat Alley after February 1, 2019, are not similarly situated to Plaintiff. Defendants do not, however, offer any evidentiary support that they changed their pay practices on February 1, 2019. The quotation above is merely attorney argument, which is not evidence. Absent some evidence to contradict Plaintiffs' well-pled allegations, the Court will not limit the collective action definition in

the manner Defendants request. Accordingly, the Court will conditionally certify the collective action as "All hourly employees who worked for Oak/New Fat Alley on or after February 22, 2016." If this prompts some employees to opt in who have never been subject to the alleged unlawful pay policy, the Court can resolve the matter at the substantive certification stage.

**B.     Form of Notice**

Plaintiff has submitted a proposed Notice and a Consent to Join form ("Notice"). (*See* ECF No. 23-1.) Defendants object to the Notice because it does not inform potential collective action members (1) that they may be required to testify; (2) of the effect of not joining the lawsuit; and (3) that they may be represented by their own counsel rather than Plaintiff's counsel. (ECF No. 34 at 5.) Plaintiff does not object to inclusion of this information, and proposes revised language for the Notice. (ECF No. 35 at 3–4.) The Court finds that inclusion of the information suggested by Defendants is appropriate and thus adopts, as revised, Plaintiff's proposed language. The Court-approved Notice, attached to this Order at ECF No. 37-1, includes revised language.

**C.     Notice Procedures**

Plaintiff seeks to distribute the Notice to all potential collective action members in three ways: (1) mailing the Notice by first-class U.S. mail to the last known address of all potential collective action members; (2) requiring Defendants to post copies of the Notice in English and Spanish in "conspicuous places in their place of business" for a 45-day period; and (3) requiring Defendants to include a copy of the Notice in English and Spanish in two consecutive pay envelopes of all current employees who are

5

potential collective action members.  (ECF No. 3 at 10–11, 13.)

Defendants do not object to delivery by mail and posting.  (ECF No. 34 at 7.) Defendants do, however, object to being required to put notices in two consecutive pay envelopes for current employees.  (*Id.*)  In support of their position, Defendants observe that Plaintiff fails to make any argument as to why such notice is necessary.  (*Id.*)  In his Reply, Plaintiff reasons that including the notice in pay envelopes is helpful to reach the potential collective action members, who are low-wage, transient workers.  (ECF No. 35 at 4.)

Under similar circumstances, courts in this District have required inclusion of an FLSA notice and consent to join form in pay envelopes.  *See Pliego v. Los Arcos Mexican Rests., Inc.*, 2015 WL 4600726, at *3 (D. Colo. July 31, 2015); *Clark v. Strad Energy Servs., USA, LTD.*, 2018 WL 3348879, at *4 (D. Colo. July 9, 2018).  However, given that the Notice will also be mailed to the last known addresses of all potential collective action members and posted at Oak/New Fat Alley, the Court finds that Defendants need only include the Notice in English and Spanish in one pay envelope for current employees who meet the collective action definition.

The Court notes that the Notice form will be posted in English and Spanish, and included in the pay envelopes in English and Spanish.  While Plaintiff does not state that the version mailed by first-class U.S. mail will be in English and Spanish, given Plaintiff's representations elsewhere that Oak/New Fat Alley employees are immigrants and speak Spanish, the Court orders that the mailed version of the Notice also be in English and Spanish.

6

**D.     Names, Addresses, and Dates of Employment**

Through the briefing, the parties have agreed that Defendants need not produce the names, last known mailing addresses, and dates of employment of all potential collective action members at this time. (ECF No. 34 at 9–10; ECF No. 35 at 5.) The Court therefore will not order production of such information at present. The Court notes that Plaintiff has reserved the right to seek production of further records related to opt-in plaintiffs in future.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Conditional Collective Action Certification (ECF No. 3) is GRANTED;

2. This action is CONDITIONALLY CERTIFIED as a collective action under 29 U.S.C. § 216(b) with the eligible collective action class members defined as "All hourly employees who worked for Oak/New Fat Alley on or after February 22, 2016."

3. The form of notice submitted at ECF No. 3-1 is APPROVED AS REVISED. The Court-approved version of the Notice and Consent to Join Form is docketed at ECF No. 37-1 as an attachment to this Order. A redline version is docketed at ECF No. 37-2. The Court-approved version reflects that potential collective action participants shall have until **February 21, 2020** to return the Consent to Join form.

4. The parties shall effect notice to potential class members as follows:

   a. No later than **October 8, 2019**, Plaintiff SHALL MAIL the final Notice and Consent to Join Form in English and Spanish to all potential collective action members via first-class U.S. Mail. Further, Plaintiff SHALL FILE a Notice of Completion of Mailing notifying the Court no later than three business days after this mailing has been completed.

   b. By **October 8, 2019**, and continuing through **November 25, 2019**, Defendants SHALL POST the Notice and Consent to Join in English and Spanish in conspicuous places in their place of business;

   c. Defendants SHALL INCLUDE the Court-approved Notice and Consent to Join Form in English and Spanish in the pay envelopes of all potential class members currently working for Defendants. This shall be completed during the first regular pay period following **October 8, 2019**, or on an earlier date upon which the parties agree.

Dated this 24th day of September, 2019.

BY THE COURT:

William J. Martinez
United States District Judge